**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Razzaaq MILLER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 28, 2005.

Filed May 16, 2005.

Mary Ann Swift, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: STEVENS, BENDER and POPOVICH, JJ.

POPOVICH, J.:

¶ 1 Appellant Razzaaq Miller appeals the judgment of sentence entered July 29, 2004, in the Court of Common Pleas, Philadelphia County. Appellant presents on appeal the issue of whether the trial court erred in denying his motion to suppress evidence as a result of an unlawful seizure. Upon review, we affirm Appellant's judgment of sentence.

¶ 2 On October 1, 2003, at approximately 6:15 p.m., Officer John Safarowicz of the Philadelphia police department was investigating a quality of life complaint in the area of 28th and Allegheny Streets in Philadelphia. Officer Safarowicz observed Appellant and several other individuals on the corner of 28th and Allegheny Streets. Several of the individuals were gambling, but Officer Safarowicz did not observe Appellant gambling. Officer Safarowicz and his partner pulled in front of Appellant in their unmarked police vehicle. A marked police vehicle containing two additional officers pulled along side Appellant. As Officer Safarowicz and the three other officers exited their respective police vehicles, which were about eight feet from where Appellant was standing, Appellant fled.

¶ 3 Officer Safarowicz and his partner pursued Appellant on foot, and the two other police officers pursued Appellant in their vehicle. As Appellant was running, Officer Safarowicz observed that Appellant was carrying a silver handgun with a brownish-blue handle. Upon seeing the officers behind him, Appellant threw the handgun into the sewer. The officers were able to apprehend Appellant. Six live .32–caliber rounds were recovered

from Appellant's jacket pocket. A handgun loaded with the same type of rounds as found in Appellant's pocket was later recovered from the sewer.

¶ 4 Appellant was charged with three violations of the Uniform Firearms Act: carrying a firearm without a license,[1] carrying firearms on public streets in Philadelphia,[2] and persons not to own firearms.[3] On December 12, 2003, prior to trial, Appellant presented an oral motion to suppress all physical evidence recovered from Appellant due to lack of probable cause or reasonable suspicion. The trial court denied Appellant's motion and, following a bench trial, found Appellant guilty of the above-named offenses. On July 29, 2004, Appellant was sentenced to an aggregate term of three to six years of imprisonment and three years of probation. Appellant filed a timely appeal. The trial court ordered Appellant to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied. The trial court filed an opinion.

¶ 5 On appeal, Appellant presents the following question for our review:

Did the suppression court err in denying defense counsel's motion to suppress the evidence (firearm) where police, who had stopped to investigate illegal gambling, testified that Appellant was not engaged in any illegal conduct before taking flight, thereby negating probable cause to stop, detain and arrest him thus qualifying the firearm as the fruit of coerced abandonment?

Appellant's brief, at 1.

¶ 6 Appellant argues that the trial court erred by denying his pre-trial motion to suppress the evidence. We disagree.

¶ 7 Our standard for reviewing a trial court's order denying a motion to suppress is as follows:

In an appeal from the denial of a motion to suppress, our role is to determine whether the record supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from those findings. In making this determination, we may consider only the evidence of the prosecution's witnesses and so much of the defense as, fairly read in the context of the record as a whole, remains uncontradicted. When the evidence supports the factual findings of the suppression court, we may reverse only if there is an error in the legal conclusions drawn from those factual findings. As a reviewing court, we are therefore not bound by the legal conclusions of the suppression court and must reverse that court's determination if the conclusions are in error or the law is misapplied.

*Commonwealth v. Ayala*, 791 A.2d 1202, 1207 (Pa.Super.2002) (citation omitted).

¶ 8 It is well settled that the purpose of both the Fourth Amendment of the United States Constitution and Section 8 of the Pennsylvania Constitution is to protect citizens from unreasonable searches and seizures. *Commonwealth v. Jackson*, 548 Pa. 484, 488, 698 A.2d 571, 573 (1997). In the seminal case of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the United States Supreme Court held that police may stop and frisk a person where they have reasonable suspicion that criminal activity is afoot. In order to determine whether the police had reasonable suspicion, the totality of the circumstances—the whole picture—must be considered. *United States v. Cortez*,

1. 18 Pa.C.S.A. § 6106.

2. 18 Pa.C.S.A. § 6108.

3. 18 Pa.C.S.A. § 6105.

449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). "Based upon that whole picture, the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Id.,* 449 U.S. at 417–18, 101 S.Ct. 690. Pennsylvania courts have consistently followed *Terry* and its progeny in stop and frisk cases, including those in which the accused allege protections pursuant to Article 1, Section 8 of the Pennsylvania Constitution. *Commonwealth v. Cook,* 558 Pa. 50, 57–58, 735 A.2d 673, 677 (1999).

¶ 9 Appellant now argues that he was subjected to an unlawful seizure because Officer Safarowicz's pursuit was not supported by either probable cause or reasonable suspicion, and, therefore, the handgun must be suppressed. The trial court found that the officers had probable cause to arrest Appellant due to Appellant's flight from the officers and their suspicion that criminal activity was afoot. Trial court opinion, 10/20/04, at 3. Our Supreme Court has held that under state constitutional principles, police who pursue a fleeing suspect are required to establish either probable cause or reasonable suspicion to justify a seizure in order to recover contraband discarded by the suspect. *See Commonwealth v. Matos,* 543 Pa. 449, 458, 672 A.2d 769, 774 (1996). Therefore, as reasonable suspicion is a less demanding standard than probable cause, we will focus our analysis on whether Officer Safarowicz had reasonable suspicion to pursue Appellant.

¶ 10 In *Commonwealth v. Jefferson,* 853 A.2d 404 (Pa.Super.2004), we addressed the question of whether a police officer's observation of an individual in a high crime area, coupled with that individual's prompt flight upon observing the officer, combine to establish reasonable suspicion that criminal activity was afoot. *Id.,* 853 A.2d at

405. In *Jefferson,* Philadelphia police officers were patrolling a high crime area in their marked vehicle when they observed two men running away from them. *Id.,* 853 A.2d at 405. When the officers stopped to investigate, the same men fled in a different direction. *Id.,* 853 A.2d at 405. The police pursued the men, and, during the pursuit, the appellant tossed a bag containing PCP to the ground. *Id.,* 853 A.2d at 405.

¶ 11 On appeal, the appellant argued that the bag of PCP must be suppressed because the pursuit constituted an unlawful seizure as it was not supported by reasonable suspicion. We disagreed and stated that, pursuant to the United State Supreme Court's holding in *Illinois v. Wardlow,* 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000), and our Supreme Court's subsequent decision in *In the Interest of D.M.,* 566 Pa. 445, 781 A.2d 1161 (2001), although mere presence in a high crime area is insufficient to support a *Terry* stop, the additional factor of unprovoked flight is sufficient to satisfy the *Terry* standard of reasonable suspicion. *Jefferson,* 853 A.2d at 406. Therefore, we held that the officers had reasonable suspicion under both federal and state principles to pursue the appellant due to the appellant's presence in a high crime area and his subsequent flight upon observing the officers. Id., 853 A.2d at 407.

¶ 12 In light of our holding in *Jefferson,* we find that Officer Safarowicz and his fellow officers had reasonable suspicion to pursue Appellant. Officer Safarowicz and his partner were investigating a quality of life complaint in a high drug area when they observed Appellant standing near a group of individuals who were gambling. N.T., 12/12/03, at 5. As the officers approached the group, Appellant fled. *Id.,* at 6. Appellant's presence in a high crime area coupled with his unprovoked flight

from the officers gave Officer Safarowicz and his partners reasonable suspicion that criminal activity was afoot. Therefore, it was not unlawful for the officers to pursue Appellant. Accordingly, Appellant was not entitled to suppression of his handgun, and his argument fails.[4]

¶ 13 As we have found that Appellant's argument fails, we affirm his judgment of sentence.

¶ 14 Judgment of sentence affirmed.

---

**4.** Appellant argues that the pursuit was unjustified because he was not engaged in illegal activity prior to his flight, and flight alone does not establish reasonable suspicion. At the suppression hearing, Officer Safarowicz testified that the area of 28th and Allegheny Streets in Philadelphia is a high drug area. N.T., 12/12/03, at 5. Appellant's presence in a high drug area and his subsequent unprovoked flight upon observing the officers established reasonable suspicion that criminal activity was afoot. Therefore, Appellant's actions prior to his flight, whether lawful or unlawful, do not affect our holding.