## Commonwealth v. Perry

C.P. of Bucks County, no. 1194-2008.

*Holly Smith,* for Commonwealth.
*Michael K. Parlow,* for defendant.

HECKLER, *J.,* October 17, 2008—On May 5, 2008, appellant Marquis Tyrell Perry was convicted of posses-

sion of cocaine with the intent to deliver, possession of a controlled substance, possession of drug paraphernalia, resisting arrest, and disorderly conduct—engaging in fighting. That same day appellant was sentenced to serve a term not less than three months nor more than 23 months at Bucks County Correctional Facility as well as two years probation to be served consecutively to any other time appellant was then serving. Appellant has filed a timely appeal to the Pennsylvania Superior Court. Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), we file this opinion.

## I. FACTUAL AND PROCEDURAL HISTORY

On January 16, 2008 at approximately 10:30 p.m., Officer Thomas Phillips was on patrol with his partner Officer Anthony Durle in the Bloomsdale section of Bristol Township, Bucks County, Pennsylvania. N.T. 5/5/08, p. 6. The Bloomsdale section of Bristol Township is known by the officers to be a high-crime area where drugs are prevalent. N.T. 5/5/08, p. 4. It has been designated to be an area subject to the federal "Weed and Seed" program which aims at reducing the prevalence of drugs and street crime in specified neighborhoods. N.T. 5/5/08, p. 4.

On the night of January 16, 2008, Officers Phillips and Durle were both in uniform, patrolling in a marked vehicle. N.T. 5/5/08, p. 6. Following them in another marked vehicle was Officer Eugene Zourybida and his partner Michael Sarcewicz. N.T. 5/5/08, pp. 13, 27-28. Zourybida and Sarcewicz were also in uniform. N.T. 5/5/08, pp. 27-28. The officers were traveling along

Liberator Street approaching Mitchell Road when they first came upon appellant standing in a group of people at the corner of Mitchell Road and Liberator Street. N.T. 5/5/08, pp. 6-7. Officer Phillips did not immediately recognize appellant. N.T. 5/5/08, p. 8. As soon as appellant saw the officers, he and a second individual backed away from the group and began walking on Mitchell Road in the opposite direction of the patrol cars. N.T. 5/5/08, pp. 7, 14. Officer Phillips identified the second individual as a "Mr. Wilson Jr." Mr. Wilson was known to the officer to have a serious prior record of criminal convictions. N.T. 5/5/08, p. 8. Officers Phillips and Durle followed appellant and Mr. Wilson down Mitchell Road in their patrol car, notifying Officers Zourybida and Sarcewicz that they intended to approach the pair. N.T. 5/5/08, pp. 8, 16. Officers Zourybida and Sarcewicz remained at the corner of Mitchell Road and Liberator Street. N.T. 5/5/08, pp. 13, 15.

Officer Phillips followed the two men down Mitchell Road, eventually pulling to the curb ahead of where the two men were walking. N.T. 5/5/08, pp. 14-15. Officer Phillips got out of the patrol car and approached the men on foot, asking them to stop and talk to him. N.T. 5/5/08, p. 9. His intent was to learn appellant's identity. N.T. 5/5/08, p. 9. Officer Durle remained in the patrol car at that time. N.T. 5/5/08, p. 18.

As Officer Phillips approached the two men, appellant turned around and took off "in a full-out run" back toward the corner of Mitchell Road and Liberator Street. N.T. 5/5/08, p. 9. Officer Phillips called back to the two officers at the corner, informing them that appellant was running toward them. N.T. 5/5/08, pp. 9-10. Officer Phil-

lips then proceeded to perform a pat-down search of Wilson Jr., to ensure that he was not armed. N.T. 5/5/08, p. 9.

Officer Zourybida, who had exited his patrol vehicle at the corner of Liberator Street and Mitchell Road, saw appellant running straight toward him. N.T. 5/5/08, pp. 13-15, 29. Zourybida noticed that appellant was running with both hands in his pockets. N.T. 5/5/08, p. 30. When appellant saw Officer Zourybida, his eyes popped wide open as though he was surprised. N.T. 5/5/08, p. 29. Keeping his hands in his pockets, he darted to the other side of the street, and continued away from the area of the encounter. N.T. 5/5/08, pp. 29-30. Officer Sarcewicz ran across the street, catching up with appellant. N.T. 5/5/08, p. 30. The officer stepped in front of appellant and grabbed him. N.T. 5/5/08, p. 30.

Both Officer Sarcewicz and Officer Zourybida tussled with appellant for several minutes, as appellant tried to fight his way free from their grasp. N.T. 5/5/08, pp. 30-32. Appellant knocked the officers into a fence and then down to the ground. N.T. 5/5/08, pp. 30-32. Eventually Officer Durle arrived on foot to assist. N.T. 5/5/08, p. 31. Officer Zourybida repeatedly warned appellant to "stop or else he would get sprayed." N.T. 5/5/08, pp. 31-32. When appellant did not desist, Officer Durle sprayed him with pepper spray. N.T. 5/5/08, pp. 31-32. Eventually, the three officers were able to subdue and arrest appellant. N.T. 5/5/08, p. 32. On the ground at the scene of the struggle, the officers found $183 in small bills, several pills and a clear plastic bag containing 32 smaller plastic bags which held a substance later identified as cocaine.

N.T. 5/5/08, p. 38, exhibit C1 Bristol Police Department Property Receipt.

On May 5, 2008 this court held a hearing on appellant's motion to suppress any statements or physical evidence obtained as a result of the seizure of appellant on January 16, 2008. This court denied appellant's motion and a bench trial followed. Appellant was found guilty on all counts.

## II. ISSUES RAISED ON APPEAL

Upon request by this court pursuant to Pennsylvania Rule of Appellate Procedure 1925, appellant has filed the following statement of matters complained of:

"(1) Whether the trial court erred in deciding that the defendant was not seized.

"(2) Whether the trial court erred in deciding that there were sufficient facts to support a reasonable suspicion to justify an investigatory detention.

"(3) Whether the trial court erred in deciding that the defendant was not forced to abandon property."

## III. DISCUSSION

The law on Fourth Amendment seizures, as it applies to the instant matter, is clear. Where a police officer approaches an individual and attempts to speak with that individual, the officer need not provide any justification for the interaction. *In re D.M.,* 566 Pa. 445, 451, 781 A.2d 1161, 1164 (2001); *Commonwealth v. Brown,* 904 A.2d 925, 928 (Pa. Super. 2006) (citing *In re D.M.*). Such an interaction is not considered a seizure

under the federal or state constitutions, and is always permitted. *Id.*

When police stop and frisk an individual, however, they have effectuated a seizure of that individual for constitutional purposes. *Id.* To legally conduct a stop and frisk, an officer must have a reasonable suspicion that criminal activity is afoot. *Commonwealth v. Miller,* 876 A.2d 427, 429 (Pa. Super. 2005). Both the United States Supreme Court and the Supreme Court of Pennsylvania have found that unprovoked flight from police in a high-crime area is sufficient to create a reasonable suspicion to justify a stop and frisk under the Fourth Amendment. *Illinois v. Wardlow,* 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000); *In re D.M.,* 781 A.2d 1161; *Brown,* 904 A.2d at 928; *Miller,* 876 A.2d at 430-31.

In the instant case, the police acted lawfully when they stopped appellant on the night of January 16, 2008. It is beyond dispute that the area in which the encounter occurred was a high-crime area as that term has been used in relevant cases. Officer Phillips' initial approach of appellant and Mr. Wilson Jr. was completely lawful. Officer Phillips testified that he exited his vehicle, and walked toward appellant and Wilson Jr. The officer did not order the men to stop, but rather attempted to engage in a conversation with them. This interaction did not constitute a seizure and did not necessitate any particularized justification. Appellant was not seized until Officers Zourybida and Sarcewicz forcibly stopped him as he was running away from Officer Phillips. Because appellant fled from Officer Phillips in a high-crime area, his conduct created a reasonable suspicion of criminal activity that justified the seizure.

As appellant struggled to free himself from police, several pills, bags of cocaine and cash fell from the area of his person onto the ground. These items were seized by police. Because these items were obtained as a result of the lawful seizure of appellant, they too were lawfully seized. This court appropriately denied appellant's motion to suppress the items seized on the evening of January 16, 2008. See *Commonwealth v. Johnson,* 474 Pa. 512, 519, 379 A.2d 72, 75 (1977) (evidence obtained in *violation* of an individual's constitutional right to be free from unreasonable searches and seizures cannot be used against him at trial.). (emphasis added)

For the foregoing reasons, appellant is not entitled to the relief he seeks and his appeal should be denied.